

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 30 1966

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Dear Sir:

Opinion No. C-641

Re: Responsibility for the
cost of operating the
Harris County Convales-
cent Ward.

This is in reply to your letter, with memorandum brief attached, in regard to the above matter. Pertinent facts from your letter and brief are quoted as follows:

"This office was requested by Mr. S. B. Bruce, County Auditor of Harris County, to render an opinion as to whether or not the cost of operation of the County's Convalescent Ward is one for which Harris County may legally budget funds, or whether responsibility for such cost now rests with the newly created Harris County Hospital District, in the light of Article 4494n, V.A.C.S., the statute authorizing the creation of such District.

"The Harris County Convalescent Ward is located . . .in the City of Houston, Texas, in a building jointly owned by the City of Houston, and Harris County. . . .

" . . .

"Only indigent persons in need of therapy--physical, occupational or social--are eligible for admission to the Ward. They may come from any number of sources, direct from the charity hospitals in the City upon their discharge or release, from nursing homes or upon recommendation of social workers within the Welfare Department and from various and sundry other sources. Every person admitted to the Ward is first processed through the Ben Taub General Hospital, the newest

> of the two charity hospitals comprising the Hospital District, for the purpose of being assigned a clinic number and having a file made for him, should the contingency arise necessitating his immediate transfer to the hospital under emergency conditions.

> " . . .

> "In light of the above and foregoing facts, the question which thus presents itself for which an answer is sought is whether or not the accomplishments and goals of the Convalescent Ward are such as envisioned by the Legislature to be assumed by the newly created Harris County Hospital District in the light of Article 4494n, V.A.C.S., . . .

> " . . .

> "The further question thus arises as to whether or not the Convalescent Ward is a nursing home in the light of the definition set out above from Article 4442c, and if so, does this fact take it out of the scope of application of Article 4494n, . . ." (Emphasis added throughout).

An analysis of your letter and brief discloses several questions. First, whether the Harris County Convalescent Ward is a Convalescent or Nursing Home, etc., as defined and governed by Article 4442c, Vernon's Civil Statutes. And secondly, if it is a Convalescent or Nursing Home, etc., as defined by Article 4442c, does this fact take it out of the scope of Article 4494n, Vernon's Civil Statutes. And lastly, whether responsibility for operation costs of the Harris County Convalescent Ward remains with Harris County or now rests with the newly created Hospital District.

The first question, above, requires an analysis of Articles 4442c and 4437f, Vernon's Civil Statutes. Article 4442c pertains to licensing and control of convalescent or nursing homes, etc., as defined in the Article. Article 4437f pertains to the licensing and control of hospitals, as defined in the Article, operating under Texas law. Section 2(a) of Article 4442c, provides in part as follows:

> "'Institution' /convalescent and nursing homes and related institutions/ means an establishment which furnishes (in single or multiple facilities) food and shelter to four (4)

or more persons unrelated to the proprietor, and, in addition, provides minor treatment under the direction and supervision of a physician licensed by the Texas State Board of Medical Examiners, or services which meet some need beyond the basic provision of food, shelter, and laundry. . . .And provided further, that the provisions of this act shall not apply to any hospital as that term is defined in the Texas Hospital Licensing Law. . . .

". . .nor shall it include general or special hospitals licensed in pursuance of or as those terms are defined in the Texas Hospital Licensing Law."

Section 2(b) of Article 4437f provides as follows:

"For the purpose of this Act:

". . .

"The term 'general hospital' means any establishment offering services, facilities, and beds for use beyond twenty-four (24) hours for two (2) or more non-related individuals requiring diagnosis, treatment or care for illness, injury, deformity, abnormality, or pregnancy, and regularly maintaining at least clinical laboratory services, diagnostic X-ray services, treatment facilities which would include surgery and/or obstetrical care, and other definitive medical and surgical treatment of similar extent."

Section 2 (b)(1) of Article 4437f, provides as follows:

"The term 'special hospital' means any establishment offering services, facilities and beds for use beyond twenty-four (24) hours for two (2) or more non-related individuals who are regularly admitted, treated and discharged and require services more intensive than room, board, personal services and general nursing care and which has clinical laboratory facilities, diagnostic X-ray facilities, treatment facilities and/or other definitive medical treatment and has a medical staff in regular attendance, and maintains records of the clinical work performed for each patient.

"The definition of 'hospital' does not in-
clude those facilities licensed pursuant to the
provisions of Article 4442c, Acts 1953 Legislature,
Page 1005, Chapter 413."

Based upon the facts in your memorandum brief con-
cerning the operation and equipment of the Harris County Con-
valescent Ward, it is our opinion that the Harris County Con-
valescent Ward is an "Institution" as defined by Article 4442c.

The next question then is whether the Ward, being
subject to Article 4442c and not a hospital, falls within the
scope of Article 4494n. In other words did the Legislature in-
tend for institutions, operated just as the Harris County Con-
valescent Ward is operated, to be a part of a county-wide hospital
district created under Article 4494n?

Pursuant to Section 4 of Article IX of the Constitution
of Texas, the Legislature enacted Article 4494n, which provides
for the creation of a county-wide hospital district.

Section 1 of Article 4494n provides, in part, as
follows:

"Any County having a population of 190,000
or more, and Galveston County, that does not
own or operate, or that does own and operate a
hospital or hospital system, by itself or jointly
with a city, for indigent and needy persons, may
be constituted a Hospital District . . . and may
take over the hospital or hospital system, . . ."

Section 4 of Article 4494n provides in part as follows:

"Any lands, buildings or equipment that
may be jointly or separately owned by such
county and city, and by which medical services
or hospital care, including geriatric care, are
furnished to the indigent or needy persons of
the city and county, shall become the property
of the Hospital District; . . ."

Section 13 of Article 4494n provides in part as
follows:

"No county that has been constituted a
Hospital District, and no city therein, shall
thereafter levy any tax for hospital purposes;

and such Hospital District shall be deemed to have assumed full responsibility for the furnishing of medical and hospital care for the needy and indigent persons residing in said Hospital District from the date that taxes are collected for the Hospital District."

It seems clear, from the above quoted, that the Legislature intended to include all medical services, hospital care and geriatric care for the indigent and needy within the scope of Article 4494n. In other words, the hospital district would take over all medical or hospital care of the indigent and needy within the county.

In Attorney General's Opinion No. C-382 (1965) it was stated in part as follows:

". . .A hospital district established under Article 4494n takes over the county system previously established under Article 4478, and the hospital district thenceforth carries out all the duties and obligations the county previously had for the care and treatment of 'persons' suffering from any illness, disease or injury.

"It must be here noted that the primary function of the Hospital District is the furnishing of medical and hospital care for the indigent and the needy of the county, and that such function must take precedence over all others."

In a case involving the Bexar County Hospital District, which was created under Article 4494n, the Texas Supreme Court stated, (page 447), that ". . .the entire function of maintaining and operating hospitals was transferred to a different governmental body, . . . " Bexar County Hospital District v. Crosby, 160 Tex. 116, 327 S.W.2d 445 (1959).

The Legislature, by express language, provided that a newly created hospital district would take over a previously owned hospital or hospital system, and furnish medical or hospital service, and geriatric care to all the indigent and needy persons in the County. Furthermore, the Legislature expressly forbids the County or cities in the County to levy any tax for such purposes, after the creation of such a district. Therefore, it is our opinion that "Institutions" operated for the indigent and needy, just as the Harris County Convalescent Ward, fall within the scope of Article 4494n.

In answer to Question #3, it is our opinion that the responsibility for the operation costs of the Harris County Convalescent Ward now rests with the newly created Harris County Hospital District.

## S U M M A R Y

The responsibility for the operation costs of the Harris County Convalescent Ward now rests with the Harris County Hospital District.

Very truly yours,

WAGGONER CARR
Attorney General

By: James C. McCoy
James C. McCoy
Assistant

JCMcC:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Malcolm Quick
Jack Goodman
Marietta Payne

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright